# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. DALE KLEIN,<br>　　　　　　　Petitioner,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　　Agency. | DOCKET NUMBER<br>CB-1208-16-0023-U-6<br><br><br>DATE: January 6, 2017 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Sheri S. Shilling, Esquire, Washington, D.C., for the petitioner.

Loretta Poston, Esquire, Tampa, Florida, for the relator.

G.M. Jeff Keys, Esquire, Saint Louis, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY REQUEST**

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 120-day extension of the previously granted stay of the agency's termination of Dr. Dale Klein's appointment.  For the reasons discussed below, we GRANT OSC's request and extend the stay through May 12, 2017.

**BACKGROUND**

¶2        On May 26, 2016, OSC requested a 45-day stay of the termination of Dr. Klein's appointment to complete its investigation and legal review of his prohibited personnel practices complaint and determine whether to seek corrective action.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-1, Stay Request File (U-1 SRF), Tab 1.  The Board granted OSC's request for a stay through July 15, 2016. U-1 SRF, Tab 3. OSC subsequently requested, and the Board granted, three additional extensions of the stay.[2]  The current stay issued on November 10, 2016, is in effect through January 12, 2017.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-5, Stay Request File (U-5 SRF), Tab 3.

¶3        Although the Board granted OSC's stay requests, it denied OSC's requests for an order returning Dr. Klein to his position as a pain management physician during the pendency of the stay.  U-1 SRF, Tab 3; *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket

---

[2] By order dated July 18, 2016, the Board extended the stay through September 13, 2016.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-3, Stay Request File, Tab 3.  By order dated September 13, 2016, the Board extended the stay through November 10, 2016. *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-4, Stay Request File, Tab 4.  By order dated November 10, 2016, the Board extended the stay through January 12, 2017.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-5, Stay Request File (U-5 SRF), Tab 3.

No. CB-1208-16-0023-U-3, Stay Request File, Tab 3.  In the November 10, 2016 stay order, however, the Board ordered the Department of Veterans Affairs (DVA) to process Dr. Klein's request for clinical privileges at the Harry S. Truman Medical Center in Columbia, Missouri, and to temporarily reassign him to a pain management physician position at that facility during the pendency of the stay, provided that he is granted the necessary clinical privileges.  U-5 SRF, Tab 3.  The Board further ordered DVA to immediately assign Dr. Klein to clinical pain management consultant work within the scope of his clinical privileges while he awaited approval of his request for clinical privileges at the Harry S. Truman Medical Center.  *Id.*  DVA has submitted evidence of its efforts to comply with this order.  U-5 SRF, Tab 5.

¶4        On December 19, 2016, OSC filed a timely consent request to extend the stay currently in effect for an additional 120 days.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-6, Stay Request File, Tab 1.

## ANALYSIS

¶5        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may grant the extension for any period that it considers appropriate.   5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).   Under the circumstances, particularly in light of DVA's consent to the extension, we find it appropriate to extend the stay until May 12, 2017.

¶6 However, the Board has recognized that it has an obligation to press OSC to present corrective action cases in a timely manner. *See Special Counsel ex rel. Perfetto v. Department of the Navy*, 85 M.S.P.R. 92, ¶ 12 (2000). In addition to the initial 45-day stay, OSC has requested and received 3 stay extensions, totaling 226 days. With the granting of this fourth extension request, OSC will have had more than 11 months to investigate and analyze Dr. Klein's alleged protected disclosures to determine what, if any, action is required regarding DVA's decision to terminate his appointment. Given the several extensions that the Board has granted in this case, in the absence of any unusual circumstances or the filing of a petition for corrective action, this will be the final extension of the stay that the Board will grant in this matter. *See Special Counsel ex rel. Bricker v. Department of Homeland Security*, 98 M.S.P.R. 185, ¶ 9 (2005); *Special Counsel v. Department of Transportation*, 62 M.S.P.R. 26, 29-30 (1994) (granting an indefinite suspension of stay, after previously granting three prior extensions, pending resolution of OSC's petition for corrective action).

## ORDER

¶7 Pursuant to 5 U.S.C. § 1214(b)(1)(B), an extension of the stay is hereby granted, and we ORDER as follows:

(1) The terms and conditions of the stay issued on November 10, 2016, are extended through and including May 12, 2017;

(2) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(3) Any request for a further extension of the stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before April 27, 2017. *See* 5 C.F.R. § 1201.136(b); and

(4) Any comments on such a request that the agency wishes the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the

Clerk of the Board, together with any evidentiary support, on or before May 4, 2017.  *See* 5 C.F.R. § 1201.136(b).


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.